UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

NAYEEM MEHTAB CHOWDHURY,       :

                           :

              Plaintiff,      :   08 Civ. 1659 (BMC)

                           :

       - against -        :

                           :

WORLDTEL BANGLADESH HOLDING, LTD. and  :
AMJAD HOSSAIN KHAN,

                           :

            Defendants.    :

-------------------------------------------------------------------x

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

# GENERAL INSTRUCTIONS

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In the following instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**

4-73 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-2.

### <u>What is Evidence</u>

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-1.

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objections or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Some evidence was admitted for a limited purpose only. When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other reason.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-1.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one of more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-2.

## <u>Burden of Proof – Preponderance of the Evidence</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

4-73 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-2.

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**

4-76 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-1.

## **Parties**

The parties to this case are the plaintiff and the defendants.

### Plaintiff

The plaintiff is Nayeem Mehtab Chowdhury.

### Defendants

The defendants are WorldTel Bangladesh Holding, Ltd. and Amjad Hossain Khan.

### <u>Fair Treatment</u>

All parties are equal before the law.   Corporations are entitled to the same fair and conscientious consideration by you as any party.   Citizens of another country are entitled to the same fair and conscientious consideration by you as any party.

**Source:**

4-72 Modern Federal Jury Instructions-Civil P 72.01, Instruction 72-1.

## Corporation as a defendant

WorldTel Bangladesh Holding, Ltd. is a corporation. A corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is liable for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

**Source:**

4-72 Modern Federal Jury Instructions-Civil P 72.01, Instruction 72-2.

**Officer, Director or Agent Liability**

An officer, director or agent of a company is liable for wrongful acts undertaken on behalf of a company if the officer, director or agent participated in, authorized or directed the wrongful acts.

**Source:**

**4A New York Practice Series - Commercial Litigation in New York State Courts - § 69:35.   Agent's Tort Liability** ("An agent is liable for his or her own torts to third parties regardless of whether the principal is also liable.")

*EZ-TIXZ, Inc. v. Hit-Tix, Inc.*, 1995 U.S. Dist. LEXIS 2183, at *17 (S.D.N.Y. Feb. 21, 1995) ("'a director, officer or agent is … liable only for torts in which he participated or which he authorized or directed.'") (quoting *Connell v. Hayden*, 83 A.D.2d 30, 59, 443 N.Y.S.2d 383, 402 (2d Dep't 1981))..

**INSTRUCTIONS FOR THE ALIEN TORT CLAIM ACT –
CLAIMS FOR TORTURE AND CRUEL, INHUMAN, OR DEGRADING
TREATMENT AND TORTURE VICTIM PROTECTION ACT**

**Alien Tort Claims Act and Torture Victim Protection Act**

Plaintiff Nayeem Chowdhury claims that he suffered torture in violation of a law known as the Alien Tort Claims Act and a law known as the Torture Victim Protection Act.

A person who is injured by torture may sue in a United States court under the Alien Tort Claims Act or the Torture Victim Protection Act. This is true even if the violations occurred in another country such as Bangladesh.

Nayeem Chowdhury alleges that Amjad Khan and WorldTel Bangladesh Holding, Ltd. violated his right to be free from torture. If you find that the plaintiff has established that his right to be free from torture was violated as instructed, and if you find that one or both defendants are liable under any one of the theories of liability presented in this case, then the defendants are liable for the Alien Tort Claims Act or Torture Victim Protection Act violations. If you find that the plaintiff's rights were not violated, or that one or both defendants are not liable for any violation that may have occurred, then one or both defendants are not liable.


**Sources:**

*Bowoto v. Chevron Corp.*, No. 99-02506, at 9 (N.D. Cal. 2008) (Instructions to Jury (Final as Amended Nov. 25, 2008)).

28 U.S.C. § 1350 ("The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.").

28 U.S.C. § 1350, note § 2(a)(1) ("An individual who, under actual or apparent authority, or color of law, of any foreign nation subjects an individual to torture shall, in a civil action, be liable for damages to that individual.").

*Kadic v. Karadzic*, 70 F.3d 232, 240 (2d Cir. 1995) (identifying violations of international law that proved a bases for Alien Tort Claims Act as including "torture or other cruel, inhuman, or degrading treatment or punishment").

BANGL. CONST., art. 35(5) ("No person shall be subjected to torture or to cruel, inhuman or degrading punishment or treatment.").

**Torture**

Plaintiff Nayeem Chowdhury contends that he suffered torture in violation of law.   To establish torture, Mr. Chowdhury must prove by a preponderance of the evidence:

1.  That he was subjected to severe pain or suffering, whether physical or mental;

2.  That this pain or suffering was inflicted on him intentionally for a purpose such as obtaining information or a confession; for punishment; intimidation; or for coercion; and

3.  That this pain or suffering was inflicted on him by, or with the consent of, a public official or other person acting in an official capacity and while he was in the official's custody or under the official's control.

### Severe pain or suffering

In addition to physical pain, severe pain or suffering can also include prolonged mental harm caused by or resulting from the intentional infliction or threatened infliction of severe physical pain or from the threat of imminent death.

### Public officials

In this context, members of the Bangladesh Rapid Action Battalion are considered public officials.

### Defendants' liability

If you find that members of the Bangladesh Rapid Action Battalion committed torture or committed cruel, inhuman or degrading treatment, you will have to decide whether one or both of the defendants are liable under any of the theories of liability presented in the case, as those theories will be explained in these instructions.

**Sources:**

*Bowoto v. Chevron Corp.*, No. 99-02506, at 9 (N.D. Cal. 2008) (Instructions to Jury (Final as Amended Nov. 25, 2008)).

TORTURE VICTIM PROTECTION ACT, 28 U.S.C. §1350, note § 3(b) ("1) the term 'torture' means any act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from

or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind; and 2) mental pain or suffering refers to prolonged mental harm caused by or resulting from (A) the intentional infliction or threatened infliction of severe physical pain or suffering . . . (C) the threat of imminent death. . . .").

*Wiwa v. Royal Dutch Petroleum Company*, No. 96 Civ. 8386 (KMW), 2002 U.S. Dist. LEXIS 3293, at *19 (S.D.N.Y. 2002) (defining torture for purposes of Alien Tort Claims Act).

BANGL. CONST., art. 35(5) ("No person shall be subjected to torture or to cruel, inhuman or degrading punishment or treatment.").

## INSTRUCTIONS FOR DEFENDANTS' LIABILITY
## FOR RAPID ACTION BATTALION'S CONDUCT

If you find that the members of the Rapid Action Battalion committed torture that harmed plaintiff, then you must determine whether defendants are also liable for that harm.

A defendant is liable for the torture of Mr. Chowdhury by the Rapid Action Battalion if:

1. The defendant acted together with the Rapid Action Battalion to inflict torture on Mr. Chowdhury; or

2. The defendant acted with significant aid from the Rapid Action Battalion in the torture of Mr. Chowdhury; or

3. A substantial degree of cooperative action existed between the Rapid Action Battalion and the defendant in effectuating the torture of Mr. Chowdhury; or

4. The defendant willfully participated in joint action with the Rapid Action Battalion in the torture of Mr. Chowdhury; or

5. The defendant caused, instigated or induced the Rapid Action Battalion to torture Mr. Chowdhury; or

6. The members of the Rapid Action Battalion were agents of the defendant; or

7. The defendant ratified the acts of the Rapid Action Battalion.

You only need to find in plaintiff's favor on one of the above bases of liability to hold a defendant fully responsible for the conduct of another.  If you find against the plaintiff on any one theory, such a finding does not affect your finding on any other theory.  You must still individually consider plaintiff's other theories of liability.

If you find that Mr. Chowdhury has shown by a preponderance of the evidence that Mr. Khan is liable for the Rapid Action Battalion's torture of Mr. Chowdhury, then Mr. Khan is liable to Mr. Chowdhury for damages for the torture.

If you find that Mr. Chowdhury has shown by a preponderance of the evidence that WorldTel Bangladesh Holding, Ltd. is liable for the Rapid Action Battalion's torture of Mr. Chowdhury, then WorldTel Bangladesh Holding, Ltd. is liable to Mr. Chowdhury for damages for the torture.  You may determine that both Mr. Khan and WorldTel Bangladesh Holding, Ltd. are liable, only one is liable or neither is liable.

### Willful Participation

"Willful participation" includes offering to trade an end to torture in exchange for a business advantage.

### Caused, Instigated or Inducement

The terms "caused" "instigated" or "induced" include any conduct prompting another person to act in a particular way.  This element is satisfied if it is shown that the conduct was a clear contributing factor to the conduct of the other person(s).  It is not necessary to demonstrate that the conduct would not have occurred without the instigation or inducement.  The plaintiff must show that the defendant either intended to provoke, cause, or induce the commission of the wrongful conduct, or that the defendant was aware of the substantial likelihood that the commission of the wrongful conduct would be a probable consequence of his acts.

**Sources:**

*Khulumani v. DaimlerChrysler Corp.*, 504 F.3d 254, 260 (2d Cir. 2007) (under the Torture Victim Protection Act, "an individual 'acts under color of law … when he acts together with state officials or with significant state aid'") (quoting *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995)).

*Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386 (KMW), 2002 U.S. Dist. LEXIS 3293, at *40, (S.D.N.Y. Feb. 28, 2002) (liability if defendant "acts together with state officials or with significant state aid" or if defendant is "'willful participant[] in joint action with the State or its agents'") (quoting *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

*Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *48, n. 18 (offer to trade plaintiff's life for cessation of anti-Shell activities could constitute willful participation with the state for Alien Tort Claims Act and Torture Victim Protection Act liability).

*Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *50 (non-government "individuals who 'cause someone to undergo torture'" are liable).

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 244 F. Supp. 2d 298, 322, 328 (S.D.N.Y. 2003) (liable for crime if defendant "'orders, solicits or induces'" the crime) (quoting International Criminal Court's formulation of responsibility for crime).

*Presbyterian Church of Sudan*, 244 F. Supp. 2d at 328 ("'willful participant[s] in joint action with the State or its agents'"; "'substantial degree of cooperative action between the state and private actors in effecting the deprivation of rights'") (quoting *Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *13).

*Mehinovic v. Vuckovic*, 198 F. Supp. 2d 1322, 1355-56 (N.D. Ga. 2002) (those who "'planned, instigated, ordered'" are liable) (quoting Art. 7(1) of the ICTY Statute).

*Chavez v. Carranza*, 413 F. Supp. 2d 891, 899 (W.D. Tenn. 2005) (non-governmental defendants who "'act together with state officials' or act with 'significant state aid' are deemed government actors ... under TVPA and the ATCA.") (quoting *Doe v. Saravia*, 348 F. Supp. 2d 1112, 1145 (C.D. Cal. 2004)).

*Bowoto v. Chevron Texaco*, CV-99-2506 SI, Instructions to Jury Final as amended, 11-25-08 at 42 (N.D. Cal. 2008).

103 N.Y. Jur. 2d Torts § 33 ("One who commands, directs, advises, encourages, procures, instigates, promotes, controls, aids, or abets a wrongful act by another is as responsible as the one who commits the act, so as to impose liability on the former to the same extent as if he or she had performed the act himself or herself, and the liability in such a case is joint and several.").

**Agency**

Plaintiff contends that WorldTel Bangladesh Holding, Ltd. and Mr. Khan are liable for Rapid Action Battalion's conduct because members of Rapid Action Battalion were acting as the agent of WorldTel Bangladesh Holding, Ltd. and Mr. Khan.

If members of the Rapid Action Battalion were acting as the agent of a defendant, then any act or omission of such members of the Rapid Action Battalion within the scope of authority is considered the act or omission of that defendant.

To show that a defendant is liable for the Rapid Action Battalion's conduct based on agency, plaintiff must prove by a preponderance of the evidence that:

    1. Members of the Rapid Action Battalion acted as an agent of that defendant; and

    2. Members of the Rapid Action Battalion were acting within the scope of its authority.

Agent

An agent is a person who, by agreement with another called the principal, does some service for the principal with or without compensation. The agency agreement may be oral or written, express or implied. WorldTel Bangladesh Holding, Ltd. and Mr. Khan are being sued as principals, and plaintiff contends that the Rapid Action Battalion was acting as the agent of WorldTel Bangladesh Holding, Ltd. or Mr. Khan.

If you find that WorldTel Bangladesh Holding, Ltd. or Mr. Khan had the right to control or supervise the actions of the Rapid Action Battalion at a given time, you may find that the relations of principal and agent exists, even though the right to control may not have been exercised.

Scope of authority

One of the questions for you to determine is whether the Rapid Action Battalion was acting within the scope of its authority. An agent is acting within the scope of its authority if the agent is engaged in the performance of duties, which were expressly or impliedly assigned to the agent by the principal. It is not necessary that any particular act or failure to act by members of the Rapid Action Battalion be expressly authorized by WorldTel Bangladesh Holding, Ltd. or Mr. Khan to bring it within the scope of authority. Such conduct is within the scope of the agent's authority if it occurred while the agent was engaged in the duties, which he was asked to perform and relates to those duties. Conduct for the benefit of the principal, which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's authority.

You should assess the relationship between the Rapid Action Battalion and WorldTel Bangladesh Holding, Ltd. and between the Rapid Action Battalion and Mr. Khan as it

relates to this case, rather than whether any sort of agency relationship generally existed between the Rapid Action Battalion and WorldTel Bangladesh Holding, Ltd. or between the Rapid Action Battalion and Mr. Khan.   The arrangement must be relevant to the plaintiff's claim of wrongdoing.

**Sources:**

**4A New York Practice Series - Commercial Litigation in New York State Courts § 69:51.**
**Jury instructions – Definition of Agent** ("An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affairs or does some service for the principal with or without compensation.  The agency agreement may be oral or written, express or implied. If you find that [Alleged Principal] had the right to control or supervise the actions of [Alleged Agent] at a given time, you may find that the relation of principal and agent exists, even though the right to control may not have been exercised.")

**4A New York Practice Series - Commercial Litigation in New York State Courts -§ 69:52.**
**Jury instructions – Definition of scope of authority** ("One of the questions for you to determine is whether [Alleged Agent] was acting within the scope of his [her] authority. An agent is acting within the scope of his [her] authority if the agent is engaged in the performance of duties, which were expressly or impliedly assigned to the agent by the principal.  It is not necessary that a particular act or failure to act be expressly authorized by the principal to bring it within the scope of the agent's authority.  Such conduct is within the scope of his [her] authority if it occurred while the agent was engaged in the duties, which he was employed to perform and relates to those duties.  Conduct for the benefit of the principal, which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's authority.")

**Ratification, Adoption or Approval**

Plaintiff contends that Mr. Khan and WorldTel Bangladesh Holding, Ltd. are liable for the acts of the Rapid Action Battalion because the defendants ratified, adopted or approved the wrongful conduct after it occurred.  If you find that members of the Rapid Action Battalion are responsible for plaintiff's injuries, you must decide whether Mr. Khan and/or WorldTel Bangladesh Holding, Ltd. ratified, adopted or approved Rapid Action Battalion's conduct.

To show that WorldTel Bangladesh Holding Ltd. ratified, adopted or approved the Rapid Action Battalion's conduct, plaintiff must prove:

1. That the Rapid Action Battalion professedly acted on WorldTel Bangladesh Holding, Ltd.'s behalf;

2. That WorldTel Bangladesh Holding, Ltd. knew or should have known of all material facts related to Rapid Action Battalion's conduct which led to plaintiff's injuries; and

3. That WorldTel Bangladesh Holding, Ltd. ratified, adopted, or approved of the conduct.

To show that Mr. Khan ratified, adopted or approved the Rapid Action Battalion's conduct, plaintiff must prove:

1. That the Rapid Action Battalion professedly acted on Mr. Khan's behalf;

2. That Mr. Khan knew or should have known of all material facts related to Rapid Action Battalion's conduct which led to plaintiff's injuries; and

3. That Mr. Khan ratified, adopted, or approved of the conduct.

Ratification, adoption or approval of unauthorized conduct

Ratification, adoption or approval means to treat an act as if it was originally authorized. A defendant is liable for the conduct of the Rapid Action Battalion if, after the fact, the defendant ratified, adopted, or approved that conduct, even if it was originally unauthorized.  Therefore, even if you conclude that members of the Rapid Action Battalion were not acting as an agent of a defendant, the defendant is nonetheless responsible for the Rapid Action Battalion's action if you find that the defendant ratified, adopted or approved those actions after the fact.

Evidence of ratification, adoption or approval

Approval, adoption or ratification can be shown through a defendant's statements or it can be inferred from the defendant's conduct that implies intent to consent to or adopt the act.  A variety of different types of conduct permits you to infer approval.  Ratification of an unauthorized act may be demonstrated through knowing acceptance after the fact of

Rapid Action Battalion's actions.  Failure to disavow the Rapid Action Battalion's acts may constitute ratification, even if the acts were not within the scope of an agency relationship.

### Knowing ratification

WorldTel Bangladesh Holding, Ltd. or Mr. Khan's "knowing" ratification can be shown by circumstantial evidence including through evidence of the nature of the acts done, the relationship of the parties, the interests of the alleged agent and ratifier, and other circumstances.

**Sources:**

*Bowoto v. Chevron Corp.*, No. C 99-02506 SI, Instructions to Jury (Final as Amended-11/25/08 at 38-39 (N.D. Cal. Nov. 25, 2008).

*Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2006 U.S. Dist. LEXIS 63209, at *14, n. 6 (N.D. Cal. Aug. 22, 2006) (holding that plaintiffs' ratification theory of liability is well settled theory of vicarious liability).

*In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 273 (S.D.N.Y. 2009). (S.D.N.Y. 2009) ("'Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.'") (quoting *Hamm v. United States*, 483 F.3d 135, 140 (2d Cir. 2006).

2A N.Y. Jur. 2d Agency § 172 ("General application and binding effect: The doctrine of ratification is generally and broadly applied to many situations and to many acts performed without authority by an agent or by a person assuming to act as such; such acts, when ratified, are binding on the principal.  Thus, when an agency arises by proof of ratification, it has as complete binding force as an agency directly or expressly conferred in advances.").

## DAMAGES

### Compensatory Damages

In considering the issue of damages you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.   Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant.

Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.   Thus, no evidence of the value of such intangible things such as physical or emotional pain and mental anguish has been or needed to be introduced.   In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for his claims of damage.   There is not an exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extend you find them proved by a preponderance of the evidence:

1.   Emotional pain and mental anguish;

2.   Physical Disfigurement;

3.   Physical Pain.

In evaluating these items, you may consider the following factors:

1.   Physical torture, including methods used or abuses suffered;

2.   Mental abuse, including fright and anguish;

3.   Length of time torture endured; and

4.   Victim's age or other limiting physical or emotional characteristics.

**Source:**

*Arce v. Garcia*, No. 99-8364 (S.D. FL. July 19, 2002) (final jury instructions).

4-77 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-3.

**Punitive Damages**

If you find for the Plaintiff Nayeem Chowdhury, you may, but are not required to, award punitive damages. The purpose of punitive damages is to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct on which you base your finding of liability was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

In assessing punitive damages, you may consider the following elements:

1. The reprehensibility of the defendant's conduct;

2. The nature and extent of harm to plaintiff that the defendant's conduct caused or was intended to cause;

3. The wealth of the defendant.

On the latter element, while you may consider the financial resources of the defendant in fixing an amount of punitive damages, I instruct you that the burden is on the defendant to show that his or its financial circumstances warrant a limitation of any award.

You may determine to impose punitive damages against one or both of the defendants or neither.


**Sources:**

*Arce v. Garcia*, Doc. 242, No. 99-8364 (S.D. FL. July 19, 2002) (final jury instructions).

*Bowoto v. Chevron Corp.*, No. C 99-02506 SI, Instructions to Jury (Final as Amended – 11/25/08) at 38-39 (N.D. Cal. Nov. 25, 2008).

4-77 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-4.

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-3.

## **Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through _____, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-1.

### **Return of Verdict**

A verdict form has been prepared for you.  After you have reached a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-6.