UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NAYEEM MEHTAB CHOWDHURY,**

*Plaintiff,*

-*vs*-

**WORLDTEL BANGLADESH HOLDING, LTD.,
and AMJAD HOSSAIN KHAN,**

*Defendants.*

Civil Action No.:
08-CV-1659 (BMC)

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**HISCOCK & BARCLAY, LLC**
*Attorneys for Defendants*

## GENERAL INSTRUCTIONS

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or public opinion. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must follow all of the instructions and not single out some and ignore others; the instructions as a whole constitutes the law governing this case.

**Source:**

4-73 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-2.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-1.

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objections or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-1.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one of more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**

4-74 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-2.

## Oral statements or admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, if you find that an oral statement or admission made outside of court is proved by reliable evidence, you may treat that statement or admission as trustworthy and should then consider it along with all other evidence in the case.

**Source:**

3 Fed. Jury Prac. & Instr. § 104.53 (5th ed.)

**Burden of Proof — Preponderance of Evidence**

The plaintiff in this case has what is known as the "burden of proof" on the issues in this lawsuit, and must meet his burden of proof if he is to prevail. In a few moments I will tell you the essential elements that the law requires the plaintiff to prove against each defendant in order to sustain his claim against that particular defendant. Only if the plaintiff meets his burden as to each essential element of his claim against a particular defendant, is he entitled to a verdict against that defendant. In order to prevail on his claim against either of the defendants, the plaintiff must prove each essential element of his claim by what is called "a fair preponderance of the credible evidence." "A fair preponderance of the credible evidence" means proof that something is more likely so than not so. In other words, "a fair preponderance of the credible evidence" is evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It is evidence that appeals to your mind as being the most accurate and otherwise trustworthy. That does not necessarily mean the greater number of witnesses or exhibits produced by either side, but rather refers to the convincing quality of the evidence and the weight and effect that it has on your own mind. A fair preponderance of the evidence does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. If plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for defendants as to that claim.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

4-73 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-2.

**<u>Credibility of Witnesses</u>**

The jurors are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case. In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial; take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe, the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; and if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

**Sources:**

*United States v. Phillips*, 522 F.2d 388, 391 (8th Cir.1975);
3 Fed. Jury Prac. & Instr. § 101.43 (5th ed.).

**Parties**

The parties to this case are the plaintiff and the defendants.

*Plaintiff*

The plaintiff is Nayeem Mehtab Chowdhury.

*Defendants*

The defendants are WorldTel Bangladesh Holding Ltd. and Amjad Hossain Khan.

**Fair Treatment**

All parties are equal before the law.   Corporations are entitled to the same fair and conscientious consideration by you as any party.  Citizens of another country are entitled to the same fair and conscientious consideration by you as any party.

**Source:**

4-72 Modern Federal Jury Instructions-Civil P 72.01, Instruction 72-1.

**<u>Corporation as a defendant</u>**

WorldTel Bangladesh Holding Ltd. is a corporation. A corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is liable for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

**Source:**

4-72 Modern Federal Jury Instructions-Civil P 72.01, Instruction 72-2.

**Instructions Apply to Each Party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to each of the two defendants in this case.

**Multiple Defendants**

Although there are two defendants in this action, it does not follow from this fact alone that if one is liable, both are liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against the other defendant. Also, keep in mind that each of the defendants is chargeable only for their individual actions as that has been defined in these instructions.

**Source:**

3 Fed. Jury Prac. & Instr. § 103.14

## INSTRUCTIONS FOR PLAINTIFF'S CLAIMS UNDER THE ALIEN TORT CLAIM ACT AND THE TORTURE VICTIM PROTECTION ACT

**Plaintiff's Claims**

Plaintiff Nayeem Chowdhury claims that he suffered torture in violation of known as the Alien Tort Claims Act, a United States law that governs the application of international law in the United States. Plaintiff also claims a violation of the Torture Victim Protection Act.

International and United States law prohibits torture. A person who is injured by this international law violation may sue in a United States court under the Alien Tort Claims Act or the Torture Victim Protection Act. This is true even if the violations occurred in another country such as Bangladesh.

Nayeem Chowdhury alleges that his right to be free from torture was violated while he was in the custody of the Bangladesh Rapid Action Battalion, a governmental police agency of the Country of Bangladesh. The plaintiff claims that WorldTel Bangladesh Holding, Ltd., and Amjad Hossain Khan are vicariously liable for the actions of the Rapid Action Battalion under the theory of agency. If you find that the plaintiff has established that his rights protected by the Alien Tort Claims Act or the Torture Victim Protection Act were violated as instructed, and that one or both defendants are vicariously liable under the theory of agency liability presented in this case, then that defendant is liable for the violations of the respective statute. If you find either that the plaintiff's rights were not violated, or that one or both defendants are not vicariously liable for any violation that may have occurred, then one or both defendants are not liable.

**Sources:**

*Bowoto v. Chevron Corp.*, No. 99-02506, at 9 (N.D. Cal. 2008) (Instructions to Jury (Final as Amended Nov. 25, 2008)).

28 U.S.C. § 1350 ("The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.").

28 U.S.C. § 1350, note § 2(a)(1) ("An individual who, under actual or apparent authority, or color of law, of any foreign nation subjects an individual to torture shall, in a civil action, be liable for damages to that individual.").

*Kadic v. Karadzic*, 70 F.3d 232, 240 (2d Cir. 1995) (identifying violations of international law that proved a bases for Alien Tort Claims Act as including "torture or other cruel, inhuman, or degrading treatment or punishment").

BANGL. CONST., art. 35(5) ("No person shall be subjected to torture or to cruel, inhuman or degrading punishment or treatment.").

## Torture

*Definition of Torture*

Only acts of a certain gravity shall be considered to constitute torture. The severity requirement is crucial in determining whether conduct is torture. The conduct must be sufficiently extreme and outrageous to warrant the universal condemnation that the term "torture" both connotes and invokes.

In order to constitute torture, an act must be a deliberate and calculated act of an extremely cruel and inhuman nature, specifically intended to inflict excruciating and agonizing physical or mental pain or suffering. Thus, torture does not automatically result whenever individuals in official custody are subjected even to direct physical assault. Not all police brutality, not every instance of excessive force used against prisoners, is torture.

The critical issue is the degree of pain and suffering that the alleged actor intended to, and actually did, inflict upon the plaintiff. The more intense, lasting, or heinous the agony, the more likely it is to be torture. The outrageousness and cruelty of the abuse will depend on specific facts such as the frequency and duration of the conduct, the parts of the body at which the conduct was aimed, and the instruments used to carry out the conduct.

## Sources:

*Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 92-94 (D.C. Cir. 2002)

*Simpson v. Socialist People's Libyan Arab Jamahiriya*, 326 F.3d 230, 234 (D.C. Cir. 2003)

*Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir. 2003)

*Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 62-63 (D.D.C. 2007)

*Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 588 F. Supp. 2d 375, 381-82 (E.D.N.Y. 2008)

*Doe I v. Liu Qi*, 349 F. Supp. 2d 1258, 1314-1316 (N.D. Cal. 2004)

S. Exec. Rep. No. 101-30, at 14 (1990))

Plaintiff Nayeem Chowdhury contends that he suffered torture in violation of law.   To establish torture, Mr. Chowdhury must prove by a preponderance of the evidence:

1. That he was subjected to electric shock;

2. That the electric shock he experienced constituted severe pain or suffering other than pain or suffering only arising from, inherent  in, or incidental to lawful sanctions;

3. That electric shock was inflicted on him intentionally for a purpose such as obtaining information or a confession; for punishment; intimidation; or for coercion; and

4. That the electric shock was inflicted on him by, or with the consent of, a public official or other person acting in an official capacity and while he was in the official's custody or under the official's control.

## Public officials

In this context, members of the Bangladesh Rapid Action Battalion are considered public officials.

**Defendants' liability**

If you find that members of the Bangladesh Rapid Action Battalion caused the plaintiff to suffer torture, you will have to decide whether either or both of the defendants are vicariously liable under the theory of agency liability presented in the case, as that theory will be explained in these instructions.

**Sources:**

*Bowoto v. Chevron Corp.*, No. 99-02506, at 9 (N.D. Cal. 2008) (Instructions to Jury (Final as Amended Nov. 25, 2008)).

TORTURE VICTIM PROTECTION ACT, 28 U.S.C. §1350, note § 3(b) ("1) the term 'torture' means any act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind; and 2) mental pain or suffering refers to prolonged mental harm caused by or resulting from (A) the intentional infliction or threatened infliction of severe physical pain or suffering . . . (C) the threat of imminent death. . . .").

*Wiwa v. Royal Dutch Petroleum Company*, No. 96 Civ. 8386 (KMW), 2002 U.S. Dist. LEXIS 3293, at *19 (S.D.N.Y. 2002) (defining torture for purposes of Alien Tort Claims Act).

BANGL. CONST., art. 35(5) ("No person shall be subjected to torture or to cruel, inhuman or degrading punishment or treatment.").

A defendant is liable for the torture of Mr. Chowdhury by the Rapid Action Battalion if Mr. Chowdhury establishes by a preponderance of the evidence that the members of the Rapid Action Battalion were agents of the defendant

If you find by the preponderance of the evidence that the above statement is true with respect to one of the defendants, that defendant is liable for the conduct of the Rapid Action Battalion.  If you find by the preponderance of the evidence that the statement is not true with respect to a defendant, that defendant is not liable.

## Agency

Agency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.

**Sources:**

*Sarei v. Rio Tinto Limited*, 487 F.3d 1193, 1202 (9th Cir. 2005);
Restatement of the Law Third of Agency, § 1.01

## Creation of agency

A relationship of agency requires consent of both principal and agent.

**Sources:**

See, e.g., B & G Enters., Inc. v. United States, 220 F.3d 1318, 1323 (Fed.Cir.2000) (no agency relationship between federal government and state on basis that state enacted restrictions on tobacco vending machines to satisfy condition for federal funding; no manifestation by either federal government or state of intent to create relationship of agency); Judah v. Reiner, 744 A.2d 1037, 1040-1041 (D.C.2000) (demonstrating existence of agency relationship requires showing that person alleged to be principal knew of and consented to representations made by persons who held themselves out as representatives).

Restatement of the Law Third of Agency, § 1.01

Plaintiff contends that WorldTel Bangladesh Holding Ltd. and Mr. Khan are liable for Rapid Action Battalion's conduct because members of Rapid Action Battalion were acting as the agent of WorldTel Bangladesh Holding Ltd. and Mr. Khan.

To show that a defendant is liable for the Rapid Action Battalion's conduct based on agency, plaintiff must prove by a preponderance of the evidence:

1. the manifestation by the defendant that the Rapid Action Battalion should act for him;

2. the Rapid Battalion's acceptance of the undertaking to administer electric shock to Plaintiff;

3. the understanding of the defendant and the Rapid Action Battalion that the defendant was to be in control of the undertaking.

**Sources:**

Restatement (Second) of Agency § 1(1)(1958);
*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006).

**<u>Definition of Manifestation</u>**

A manifestation is conduct by a person, observable by others, that expresses meaning.

**Source**:

Restatement of the Law, Third, Agency § 1.03

## DAMAGES

### Compensatory Damages

In considering the issue of damages you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant.

Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things such as physical or emotional pain and mental anguish has been or needed to be introduced.  In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for his claims of damage.  There is not an exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1.   Emotional pain and mental anguish;

2.   Physical Pain.

In evaluating these items, you may consider the following factors:

1.   the electric shock, including methods used or abuses suffered;

2.   Mental abuse, including fright and anguish;

3.   Length of time the electric shock endured; and

4.   Victim's age or other limiting physical or emotional characteristics.

### Source:

*Arce v. Garcia*, No. 99-8364 (S.D. FL. July 19, 2002) (final jury instructions).
4-77 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-3.

## Punitive Damages

If you find for the Plaintiff Nayeem Chowdhury, you may, but are not required to, award punitive damages. The purpose of punitive damages is to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award plaintiff a verdict for actual or compensatory damages. You should also bear in mind, not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct on which you base your finding of liability was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

In assessing punitive damages, you may consider the following factors:

1. Brutality of the act;

2. Egregiousness of defendant's conduct;

3. Unavailability of criminal remedy;

4. International condemnation of act;

5. Deterrence of others from committing similar acts;

6. Provision of redress to plaintiff, country and world.

You may determine to impose punitive damages against one or both of the defendants or neither.

**Sources:**

4-77 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-4.

*3 Fed. Jury Prac. & Instr. § 123.40*

*Doe v. Saravia, 348 F. Supp. 2d 1112, 1158 (E. D. Cal 2004)*

*Rodriguez v. Curacao Drydock Company, Inc., 584 F. Supp. 2d 1355, 1364 (S.D. Fl. 2008)*

## Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-3.

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through _____, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-1.

**<u>Return of Verdict</u>**

A verdict form has been prepared for you.  After you have reached a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**

4-78 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-6.