UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NAYEEM MEHTAB CHOWDHURY,           :
                                   :
                Plaintiff,         :  08 Civ. 1659 (BMC)
                                   :
    - against -                    :
                                   :
WORLDTEL BANGLADESH HOLDING, LTD. and :
AMJAD HOSSAIN KHAN,                :
                                   :
                Defendants.        :
------------------------------------------------------------------x

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

Mark A. Robertson
Peter Guirguis
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, NY  10103
Telephone:  212-318-3000
Telecopier:  212-318-3400
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

                                                                **Page**

I.     THE EVIDENCE AT TRIAL SUPPORTS THE JUDGMENT ........................................1

II.    THE EVIDENCE SUPPORTS DEFENDANTS' LIABILITY FOR THE TORTURE BY THE RAPID ACTION BATTALION .......................................................2

        A.    Acting under Color of State Law and Willful Participation Liability ....................2

        B.    Agency Liability ........................................................................................................4

        C.    Ratification Liability..................................................................................................5

III.   EVIDENCE WAS PROPERLY ADMITTED .................................................................6

        A.    The Statements by the Rapid Action Battalion were Properly Admitted................6

               1.    Federal Rule of Evidence 801(d)(2)(E): Statements by a Coconspirator are Not Hearsay................................................................7

               2.    Federal Rule of Evidence 801(d)(2)(D): Statements by a Party's Agent are Not Hearsay ..............................................................................8

               3.    Federal Rule of Evidence 803(3): Hearsay Exception: Then Existing Mental, Emotional or Physical Condition .....................................9

        B.    Evidence of the Rapid Action Battalion's Reputation was Properly Admitted ........................................................................................11

IV.   THE EVIDENCE SUPPORTED THE JURY INSTRUCTIONS AND VERDICT........12

CONCLUSION ..............................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bondi v. Grant Thornton Int'l (In re Parmalat Sec. Litig.)*,
    421 F. Supp. 2d 703 (S.D.N.Y. 2006) ..................................................................................4

*Bowoto v. Chevron Corp.*,
    No. C99-02506, 2006 U.S. Dist. LEXIS 63209 (N.D. Cal. Aug. 22, 2006) ........................5

*Chowdhury v. Worldtel Bangl. Holding, Ltd.*,
    588 F. Supp. 2d 375 (E.D.N.Y. 2008) ..................................................................................4

*Dennis v. Sparks*,
    449 U.S. 24 (1980) ...............................................................................................................3

*Doro v. Sheet Metal Workers' Int'l Ass'n*,
    498 F.3d 152 (2d Cir. 2007) .................................................................................................5

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt-Meridian Constr. Corp.*,
    1994 U.S. Dist. LEXIS 14882 (S.D.N.Y. Oct. 18, 1994).....................................................11

*Glenn v. Bartlett*,
    98 F.3d 721 (2d Cir. 1996) ...................................................................................................7

*Hamm v. U.S.*,
    483 F.3d 135 (2d Cir. 2007) .................................................................................................5

*Kadic v. Karadzic*,
    70 F.3d 232 (2d Cir. 1995) ...............................................................................................2, 3

*Khulumani v. Barclay Nat'l Bank Ltd.*,
    504 F.3d 254 (2d Cir. 2007) .................................................................................................2

*Pappas v. Middle Earth Condominium Ass'n*,
    963 F.2d 534 (2d. Cir. 1992) ............................................................................................8, 9

*Phelan v. Local 305*,
    973 F.2d 1050 (2d Cir. 1992) ...............................................................................................5

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*,
    244 F. Supp. 2d 289 (S.D.N.Y. 2003) ..............................................................................2, 3

*Rodonich v. House Wreckers Union Local 95*,
    817 F.2d 967 (2d Cir. 1987) .................................................................................................5

*In re S. African Apartheid Litig.*,
    617 F. Supp. 2d 228 (S.D.N.Y. 2009) .................................................................................5

*Shelden v. Barre Belt Granite Employer Union Pension Fund*,
    25 F.3d 74 (2d. Cir. 1994) ..................................................................................................10

*United States v. Annunziato*,
    293 F.2d 373 (2d Cir. 1961) ...............................................................................................10

*United States v. Badalamenti*,
    794 F.2d 821 (2d Cir. 1986) ...............................................................................................10

*United States v. Cambindo Valencia*,
    609 F.2d 603 (2d Cir. 1979) .................................................................................................7

*United States v. Cicale*,
    691 F.2d 95 (2d. Cir. 1982) ..................................................................................................7

*United States v. Consolidated Laundries Corp.*,
    291 F.2d 563 (2d Cir. 1961) .................................................................................................9

*United States v. Nersesian*,
    824 F.2d 1294 (2d Cir. 1987) .............................................................................................10

*United States v. Sperling*,
    726 F.2d 69 (2d. Cir. 1984) ................................................................................................10

*United States v. Stratton*,
    779 F.2d 820 (2d Cir. 1985) .................................................................................................7

*United States v. Torres*,
    901 F.2d 205 (2d Cir. 1990) ...............................................................................................10

*United States v. Tracy*,
    12 F.3d 1186 (2d Cir. 1993) .................................................................................................7

*United States v. Viola*,
    No. 91 CR 800 (S-5) (SJ), 1992 WL 333650 (E.D.N.Y. November 02, 1992) ....................7

*Wiwa v. Royal Dutch Petroleum Co.*,
    No. 96 Civ. 8386, 2002 U.S. Dist. LEXIS 3293 (S.D.N.Y. Feb. 22, 2002) .....................2, 3

**RULES AND STATUTES**

FED. R. CIV. P. 50(b) ....................................................................................................................12

FED. R. CIV. P. 59 ........................................................................................................................12

FED. R. EVID. 404(a) ...................................................................................................................11

Fed. R. Evid. 405(a) ............................................................................................................. 11, 12

Fed. R. Evid. 801 ......................................................................................................................... 8

Fed. R. Evid. 801(d)(2)(D) ....................................................................................................... 8, 9

Fed. R. Evid. 801(d)(2)(E) ........................................................................................................... 7

Fed. R. Evid. 803(3) ............................................................................................................. 10, 11

Fed. R. Evid. 803(20) ........................................................................................................... 11, 12

Fed. R. Evid. 803(21) ........................................................................................................... 11, 12

## OTHER AUTHORITIES

J. Weinstein & M. Berger, Weinstein's Evidence §801(d)(2)(D)[01] (1991) ........................... 8

Restatement (Second) of Agency § 82 (1958) ............................................................................ 5

Restatement (Third) of Agency, Ch. 4, Ratification (2006) ...................................................... 5

Wigmore, Evidence §1725 (Chadbourn rev. 1976) ................................................................. 10

Plaintiff Nayeem Mehtab Chowdhury submits this opposition to Defendants' motion for judgment as a matter of law or for a new trial.

## I. THE EVIDENCE AT TRIAL SUPPORTS THE JUDGMENT

The undisputed evidence at trial proved that Mr. Chowdhury was tortured in Bangladesh by the Rapid Action Battalion in November of 2007. The undisputed evidence proved that he was handcuffed, blindfolded, and repeatedly shocked with electric current on his torso, arms and legs. The undisputed evidence also proved that prior to being shocked, other prisoners were brutally beaten in front of Mr. Chowdhury. Mr. Chowdhury testified that the Rapid Action Battalion threatened to treat Mr. Chowdhury similarly at the request of Defendant Amjad Khan.

The undisputed evidence proved that as a result of the torture, Mr. Chowdhury spent three weeks being treated in a prison hospital and continues to have nightmares.

The undisputed evidence proved that Mr. Khan met with Mr. Chowdhury's parents and others the day after the torture. Mr. Chowdhury's parents testified that Mr. Khan told them that (1) Mr. Chowdhury had been tortured the previous day; (2) Mr. Khan had attended the torture; and (3) Mr. Khan could stop the torture if Nayeem Chowdhury were sent out of Bangladesh and Mr. Khan were left with control of WorldTel Bangladesh Ltd.

The undisputed evidence proved that two days after Mr. Chowdhury was arrested by the Rapid Action Battalion, Mr. Khan sent an e-mail announcing Mr. Chowdhury's arrest to a former employee of Defendant WorldTel Bangladesh Holding, Ltd. In the e-mail, Mr. Khan explained "[f]un starts now, if you know what I mean." Mr. Khan's e-mail shows that he had some kind of an agreement with the Rapid Action Battalion because he explained "I am sure I will find out how much he [Mr. Chowdhury] bribed you to sign those unauthorized documents."

The undisputed evidence proved that Mr. Khan made the complaint to the Rapid Action Battalion on behalf of WorldTel Bangladesh Holding Ltd. that caused Mr. Chowdhury to be

arrested. The undisputed evidence also showed that Mr. Khan caused the arrest even though he and Defendant WorldTel Bangladesh Holding, Ltd. previously made complaints that resulted in at least three government investigations of Mr. Chowdhury based on the same allegations. Each of the three previous investigations resulted in reports that cleared Mr. Chowdhury.

## II. THE EVIDENCE SUPPORTS DEFENDANTS' LIABILITY FOR THE TORTURE BY THE RAPID ACTION BATTALION

In light of the three independently sufficient theories of liability, the Court properly rejected Defendants' motion for judgment as a matter of law at the conclusion of Plaintiff's case-in-chief. Defendants' instant motion present no reasons warranting a different result or a new trial.

### A. Acting under Color of State Law and Willful Participation Liability

Defendants are liable as private actors under the Alien Tort Claim Act ("ATCA") or the Torture Victim Protection Act ("TVPA") for the acts of the Rapid Action Battalion if the Defendants acted under color of law. *See, e.g., Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 260 (2d Cir. 2007); *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386, 2002 U.S. Dist. LEXIS 3293, at *40 (S.D.N.Y. Feb. 22, 2002) (liability for acting under color of law if defendant "acts together with state officials or with significant state aid" or if defendant is "'willful participant[] in joint action with the State or its agents'"). A defendant acts under color of law if the defendant (1) acts together with a state official; (2) acts with significant aid from a state official; (3) acts with a substantial degree of cooperation with a state actor; or (4) was a willful participant with the state actor. *Khulumani*, 504 F.3d at 260 ("an individual 'acts under color of law . . . when he acts together with state officials or with significant state aid'") (quoting *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995)); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 244 F. Supp. 2d 289, 328 (S.D.N.Y. 2003) ("'substantial degree of cooperative action

between the state and private actors in effecting the deprivation of rights'"); *Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *40 ("acts together with state officials or with significant state aid" or is "'willful participant[] in joint action with the State or its agents'") (quoting *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995) and *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Offering to stop torture in exchange for a business advantage is evidence of a defendant's willful participation in torture. *See, e.g., Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *48, n.18 (offer to trade plaintiff's life for cessation of anti-Shell activities could constitute willful participation). Evidence was presented that the Defendants offered to stop the torture in exchange for a business advantage. That alone is enough for willful participation.

A defendant is liable under the ATCA and TVPA if the defendant caused, instigated, or induced the state actor to commit torture. *Presbyterian Church of Sudan*, 244 F. Supp. 2d at 322 (S.D.N.Y. 2003) (defendant liable for crime if defendant "'orders, solicits or induces'" the crime) (quoting International Criminal Court's formulation of responsibility for crime); *Wiwa*, 2002 U.S. Dist. LEXIS 3293, at *50 (non-government "individuals who 'cause someone to undergo torture'" are liable).

Evidence was submitted to the jury that: (1) the Defendants filed the complaint with the Rapid Action Battalion even though at least three separate government investigations previously cleared Mr. Chowdhury; (2) Mr. Khan admitted attending the torture of Mr. Chowdhury; (3) members of the Rapid Action Battalion threatened Mr. Chowdhury with torture at Mr. Khan's request; (4) Mr. Khan offered to end the torture in exchange for WorldTel Bangladesh Holding, Ltd.'s control of WorldTel Bangladesh, Ltd.; (5) Defendants were aware of how Mr. Chowdhury would be tortured and intended such treatment; (6) Mr. Khan sent an e-mail two days after Mr. Chowdhury's arrest that states "Fun starts now, if you know what I mean" which could support a

determination that the Defendants knew that Mr. Chowdhury would be tortured; and (7) Mr. Khan's e-mail shows that he had an arrangement for the Rapid Action Battalion to take action against Mr. Chowdhury. The evidence is sufficient to hold the defendants liable as willful participants in the torture of Mr. Chowdhury.

### B. Agency Liability

Evidence was submitted to support agency liability against the Defendants. Where a defendant makes the state his or its agent, then the private party defendant principal is liable for the torture by the state. *Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 588 F. Supp. 2d 375, 387 (E.D.N.Y. 2008). "[A] principal-agent relationship exists when the principal has the right to control the manner and method in which the agent performs its work and the agent has the power to act on the principal's behalf. An agent's authority may be either actual or apparent, and actual authority may be either express or implied. The existence of an agency relationship may be established by direct or circumstantial evidence, including the situation of the parties, their acts, and other relevant circumstances." *Bondi v. Grant Thornton Int'l (In re Parmalat Sec. Litig.)*, 421 F. Supp. 2d 703, 719 (S.D.N.Y. 2006) (citations and quotations omitted).

The evidence submitted shows that the Rapid Action Battalion acted at the direction of Mr. Khan. According to the evidence, Mr. Khan stated that he could stop the torture in a meeting with Mr. Chowdhury's parents. The evidence also showed that Mr. Khan wrote an e-mail explaining that he would be able to direct the Rapid Action Battalion to take action against Mr. Chowdhury while Mr. Chowdhury was in the custody of the Rapid Action Battalion. The evidence shows that officers of the Rapid Action Battalion told Mr. Chowdhury that he would be tortured because of pressure from Mr. Khan. The evidence is sufficient to hold Defendants liable on a theory of agency liability as principals that directed the acts of the Rapid Action Battalion.

### C. Ratification Liability

Evidence submitted supports the ratification theory of liability as well. The ratification theory of agency can be used to hold a defendant liable for violations of the ATCA and TVAP. *See, e.g., In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 273 (S.D.N.Y. 2009). *See also Bowoto v. Chevron Corp.*, No. C99-02506, 2006 U.S. Dist. LEXIS 63209, at *14, n.6 (N.D. Cal. Aug. 22, 2006) (ratification theory of liability appropriate for ATCA claim).

Under common law principles, a defendant "is liable if it ratified the illegal acts of" another party. *Phelan v. Local 305*, 973 F.2d 1050, 1062 (2d Cir. 1992). *See also Doro v. Sheet Metal Workers' Int'l Ass'n.*, 498 F.3d 152, 156 (2d Cir. 2007) (defendant is liable if defendant ratified a third party's wrongful action). "Ratification occurs 'when the principal, having knowledge of the material facts involved in a transaction, evidences an intention to ratify it.'" *Id.* (quoting *Rodonich v. House Wreckers Union Local 95*, 817 F.2d 967, 973 (2d Cir. 1987)). "'Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.'" *In re S. African Apartheid Litig.*, 617 F. Supp. 2d at 273 (quoting *Hamm v. U.S.*, 483 F.3d 135, 140 (2d Cir. 2007) (quoting RESTATEMENT (SECOND) OF AGENCY § 82 (1958))).

"A person may ratify the act of an actor who was not an agent at the time of acting when the actor purported or assumed to act as the person's agent." RESTATEMENT (THIRD) OF AGENCY, Ch. 4, Ratification, p. 304 (2006). A person ratifies an act by "conduct that justifies a reasonable assumption that the person so consents." *Id.* § 4.01(2)(b). "Even mere acquiescence is sufficient to infer adoption of wrongdoing. 'Ratification also may be found to exist by implication from a principal's failure to dissent within a reasonable time after learning what had been done.'" *In re S. African Apartheid Litig.*, 617 F. Supp. 2d at 273 (citation omitted).

Defendants are incorrect when they assert that only one source of evidence supported a finding of ratification liability. Evidence submitted to the jury shows that the Rapid Action Battalion told Mr. Chowdhury that he was being tortured because of pressure from Mr. Khan to torture Mr. Chowdhury. The testimony from Dr. and Mrs. Chowdhury shows that Defendants were aware of and ratified the torture by explaining that Defendants could end the torture if Nayeem Chowdhury left Bangladesh and gave up control of WorldTel Bangladesh, Ltd. The evidence also showed that Mr. Khan wrote an e-mail explaining that he would gain information from Mr. Chowdhury while Mr. Chowdhury was in the custody of the Rapid Action Battalion. In addition, although complained about as hearsay, evidence was also properly admitted regarding statements made by Rapid Action Battalion officers further supporting a conclusion that the torture was instigated by Mr. Khan. These sources of evidence are sufficient to hold Defendants liable to Mr. Chowdhury under a ratification theory.

Defendants fail to cite any authority or facts warranting judgment as a matter of law or warranting a new trial when facts exist to support theories of ratification, agency and willful participation.

## III. EVIDENCE WAS PROPERLY ADMITTED

Defendants complain that testimony should not have been admitted (a) about statements made by the Rapid Action Battalion and (b) about the Rapid Action Battalion's reputation. Defendants' arguments are incorrect and were properly rejected prior to and during trial.

### A. The Statements by the Rapid Action Battalion were Properly Admitted

Defendants contend that statements made by members of the Rapid Action Battalion should have been excluded as hearsay.

1.  **Federal Rule of Evidence 801(d)(2)(E):**
    **Statements by a Coconspirator are Not Hearsay**

The statements are admissible because they are statements made by a "coconspirator of a party during the course and in furtherance of a conspiracy." FED. R. EVID. 801(d)(2)(E). Defendants ignore this basis of admissibility even though it was one of the bases upon which Plaintiff relied for the admissibility of the Rapid Action Battalion's statements.

Even though a conspiracy claim has not been alleged, the co-conspirator exception to the hearsay rule applies in light of the cooperation between Defendants and the Rapid Action Battalion. *See United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985) (affirming admissibility of alleged coconspirator statements even though conspiracy not alleged because "it is not necessary that the Government charge a conspiracy to take advantage of FED. R. EVID 801(d)(2)(E)").

For a statement to be non-hearsay under FED. R. EVID. 801(d)(2)(E), a plaintiff only needs to establish "that a conspiracy existed, that the defendant and declarant were members, and that the statement were made during the course of and in furtherance of a conspiracy." *United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993). "The standard for independent proof of participation is lower than the standard of evidence sufficient to submit a charge of conspiracy to the jury . . . and the proof may be totally circumstantial." *United States v. Cicale*, 691 F.2d 95, 103 (2d. Cir. 1982). In determining whether the moving party has met this burden, the trial court may "properly rely on any evidence available to him, including the hearsay statement itself." *Glenn v. Bartlett*, 98 F.3d 721, 728 (2d Cir. 1996); *see also United States v. Viola*, No. 91 CR 800 (S-5) (SJ), 1992 WL 333650, at *2 (E.D.N.Y. Nov. 02, 1992). Coconspirator statements "may be provisionally admitted, subject to eventual connection of the defendant to the conspiracy . . . " *United States v. Cambindo Valencia*, 609 F.2d 603, 630 (2d Cir. 1979).

In this case, Exhibit 1 shows that Defendants had entered into an agreement with the Rapid Action Battalion officers to work together with respect to the treatment of Mr. Chowdhury. In addition, Dr. and Mrs. Chowdhury testified that Mr. Khan admitted that he attended the torture of Mr. Chowdhury and had the power to make the torture stop. These pieces of evidence are independent, non-hearsay evidence that further establish the foundation that Mr. Khan had an agreement with the Rapid Action Battalion and the statements by the guards about the torture of Mr. Chowdhury at Mr. Khan's behest are admissible statements made in furtherance of that conspiracy.

### 2. Federal Rule of Evidence 801(d)(2)(D): Statements by a Party's Agent are Not Hearsay

Defendants acknowledge that statements made by a party's agent are admissible as party admissions under FED. R. EVID. 801. Defendants contend that Plaintiff did not establish the existence of an agency relationship between the Rapid Action Battalion and Mr. Khan and therefore the statements should have been excluded as hearsay. Defendants are incorrect.

An out-of-court statement "by the party's agent or servant concerning a matter within the scope of the agency . . . [and] made during the existence of the relationship" is not hearsay. FED. R. EVID. 801(d)(2)(D). For a statement to be admissible under this rule, Plaintiff merely needs to demonstrate by a preponderance of the evidence "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 537-538 (2d. Cir. 1992) (citing J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE §801(d)(2)(D)[01] (1991)). "The authority granted in the agency relationship need not include authority to make damaging statements, but simply the authority to take action about which the statements relate." *Id.* at 538.

Although Defendants argue that the out of court statements cannot be used to show the admissibility of the statements, "[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency . . . relationship." FED. R. EVID.. 801(d)(2)(D). The trial court may consider the declarant's statements in determining whether agency exists, but must require some independent proof of the agency and its scope. *United States v. Consolidated Laundries Corp.*, 291 F.2d 563, 576 (2d Cir. 1961) ("It is axiomatic that agency cannot be proved solely by declarations of the alleged agent, but must be established by independent proof."). The existence of the agency relationship "may be established by circumstantial evidence." *Pappas*, 963 F.2d at 538 (affirming district court's finding that agency relationship was sufficiently established when alleged agent arrived at the building with a shovel and a bucket after the occupants of the building had called building's management to complain about icy walkway).

The Court did not permit the Rapid Action Battalion's statements into evidence until after Dr. and Mrs. Chowdhury testified that Mr. Khan offered to make the torture stop in exchange for Mr. Chowdhury leaving Bangladesh and leaving WorldTel Bangladesh, Ltd. to be operated by Mr. Khan. In addition, the Court did not permit the Rapid Action Battalion's statements into evidence until after Exhibit 1 was in evidence showing that Mr. Khan had an agreement with the Rapid Action Battalion to take action against Mr. Chowdhury. The control claimed by Mr. Khan, over the torture and his ratification of the torture, supports a determination that the statements by the Rapid Action Battalion guards were made on behalf of Defendants or, at a minimum, that such statements were ratified by Defendants.

3.  **Federal Rule of Evidence 803(3): Hearsay Exception:
    Then Existing Mental, Emotional or Physical Condition**

Even if the statements by the Rapid Action Battalion were hearsay, the statements were

admissible under FED. R. EVID. 803(3). Defendants ignore this basis for the admissibility of the statements even though it was a basis relied upon by the Plaintiff. Rule 803(3) provides a hearsay exception for statements of the declarant's "then existing state of mind, emotion, sensation, or physical condition." This exception includes statements about conditions such as the declarant's "intent, plan, motive, design, mental feeling, pain, and bodily health." *Id.*

Under this rule, "statements of future intent are not excludable as hearsay." *United States v. Badalamenti*, 794 F.2d 821, 826 (2d Cir. 1986). Out of court statements that tend to prove a plan, design or intention of the declarant are admissible to prove that the plan, design, or intention of the declarant was carried out as planned. *See United States v. Torres*, 901 F.2d 205, 239 (2d Cir. 1990) ("A declarant's out-of-court statement of intent may be introduced to prove that the declarant acted in accordance with that intent."); *see also United States v. Annunziato*, 293 F.2d 373 (2d Cir. 1961) (testimony that declarant had received a phone call from defendant requesting money and that declarant had agreed to deliver it was admissible against defendant to prove delivery).

"[U]nder a long-established exception to the hearsay rule, the existence of the plan or intention may be proven by evidence of 'the *person's own statements* as to its existence.'" *Shelden v. Barre Belt Granite Employer Union Pension Fund*, 25 F.3d 74, 79 (2d. Cir. 1994) (quoting WIGMORE, EVIDENCE §1725, at 129 (Chadbourn rev. 1976)) (emphasis in original). "[D]eclarations of intention or future plans are admissible against a nondeclarant when they are linked with independent evidence that corroborates the declaration." *United States v. Nersesian*, 824 F.2d 1294, 1325 (2d Cir. 1987) (statement establishing illicit nature of future meeting admissible against nondeclarant/defendant when other evidence linked defendant to the meeting); *United States v. Sperling*, 726 F.2d 69, 74 (2d. Cir. 1984) (declarant's statement of her

intent to engage in an illicit transaction with nondeclarant/defendant was admissible against defendant when eyewitness testimony linked defendant to the transaction described by declarant).

In this case, the Rapid Action Battalion expressed an intent to harm Mr. Chowdhury based on pressure from Mr. Khan. The statements were admissible under FED. R. EVID. 803(3).

### B. Evidence of the Rapid Action Battalion's Reputation was Properly Admitted

As a threshold matter, Rule 404(a) of the Federal Rules of Evidence only excludes character evidence if it is being introduced to prove "action in conformity therewith." FED. R. EVID. 404(a). Rule 405(a) of the Federal Rules of Evidence allows character evidence in the form of reputation. In addition, evidence of reputation in the community is admissible. FED. R. EVID. 803(20) and 803(21).

Defendants' reliance on *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt-Meridian Constr. Corp.*, 1994 U.S. Dist. LEXIS 14882 (S.D.N.Y. Oct. 18, 1994) is misplaced. In *Evergreen Pipeline*, the court excluded the plaintiff's intended reputation evidence because plaintiff attempted to show that defendant's reputation conformed with defendant's dealings with the plaintiff. *Id.* at *3.

The evidence of the Rapid Action Battalion's reputation was not introduced to show that the Rapid Action Battalion conformed with its reputation when members of the Rapid Action Battalion's tortured Mr. Chowdhury. Instead, Plaintiff introduced evidence of the Rapid Action Battalion's reputation to show that Defendants intended for Mr. Chowdhury to be tortured to put more pressure on Mr. Chowdhury than Defendants had been able to place on him previously. Because the Rapid Action Battalion has and had the reputation for the torture and killing of its prisoners, the torture of Mr. Chowdhury appears more likely to have been Defendants' intended consequence. As a result, the Rapid Action Battalion's reputation in the community is proper

and was properly admitted under the rules of evidence. *See* FED. R. EVID. 803(20) and 803(21); *see also* FED. R. EVID. 405(a).

Further, no objection was raised to the questions posed to Mr. Khan about his knowledge about the reputation of the Rapid Action Battalion. It was only at other times during the course of the trial that Defense counsel objected to the reputation evidence.

### IV.   THE EVIDENCE SUPPORTED THE JURY INSTRUCTIONS AND VERDICT

Defendants complain that the jury instructions regarding ratification and willful participation (but not including the instruction regarding agency) were not supported by the evidence. As explained above, the theories submitted to the jury were proper as a matter of law and the jury's verdict was supported by the weight of the evidence. Defendants are accordingly not entitled to a judgment as a matter of law pursuant to FED. R. CIV. P. 50(b) or a new trial pursuant to FED. R. CIV. P. 59.

### CONCLUSION

For the reasons stated, Defendants' motion for judgment as a matter of law or for a new trial should be denied in its entirety.

Dated:  New York, New York
        August 28, 2009

                                            Respectfully submitted,

                                            _____
                                            Mark A. Robertson
                                            Peter Guirguis
                                            Fulbright & Jaworski L.L.P.
                                            666 Fifth Avenue
                                            New York, NY  10103
                                            Telephone: 212-318-3000
                                            Telecopier: 212-318-3400
                                            mrobertson@fulbright.com
                                            pguirguis@fulbright.com
                                            *Attorneys for Plaintiff*

80621774.1                                   12

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, a copy of the foregoing was served by filing it on the ECF system on the following:

> J. Eric Charlton, Esq.
> Hiscock & Barclay
> One Park Place
> Syracuse, New York 13202-2078

_____
Peter Guirguis

80621774.1

13